IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LLOYD A. NEWTON, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case No. 23-2153-JWB-ADM |
| | § |
| CITY OF ATCHISON, et al. | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

This matter is before the court on two motions. The first is plaintiff Lloyd Newton's ("Newton") Motion Seeking Leave to Amend Complaint and to Add Parties. (ECF 110.) By way of this motion, Newton seeks leave to file a Second Amended Complaint that would (1) add factual allegations and claims regarding not only the two properties at issue in Newton's prior complaints, but also four additional properties he owns in the City of Atchison, Kansas ("the City"); (2) add six defendants; and (3) replead his retaliation claim, regulatory takings claim, and his equal protection, conspiracy, and defamation claims. For the reasons set forth below, the court denies Newton's motion because his proposed amended complaint fails to comply with Federal Rule of Civil Procedure 8(a) and is untimely and prejudicial under Rule 15(a)(2).

The second motion before the court is non-party Erin Becker's ("Becker") Motion to Quash Subpoenas or in the Alternative Motion for Protective Order. (ECF 105.) By way of this motion, Becker seeks to quash Newton's Notice to Depose Erin Becker with Subpoena Duces Tecum. (ECF 92.) As explained below, it appears Newton is using the subpoena to pursue a personal vendetta against Becker from years ago when Newton was a professor and Becker was a student who lodged a complaint against him. The court grants Becker's motion to quash the subpoena on the grounds that it would subject her to undue burden.

1

**I.      BACKGROUND**

Newton filed his complaint in this case on April 5, 2023.  What ensued was a flurry of pleadings in which the parties spent eight months of a jockeying to sort out the proper scope of the case.  To begin, Newton filed a motion for a temporary restraining order and a preliminary injunction on May 11, which the court denied as moot based on the City's representation that it would not take any action against Newton's properties pending resolution of the litigation.  (ECF 8, 10.)  Defendants then filed an answer, a motion for judgment on the pleadings, and a motion to stay discovery pending the court's ruling on the motion for judgment on the pleadings.  (ECF 13, 14, 16.)  The court granted the motion to stay discovery.  (ECF 18.)

On June 27, Newton filed a motion to amend his complaint, which the court granted.  (ECF 28, 37.)  In granting the motion, the court found defendants' undue delay and undue prejudice arguments were not persuasive given the early stage of the case, and "[a]s for Defendants' futility arguments, Defendants may file a motion seeking to dispose of the allegedly-futile claims in the First Amended Complaint."  (ECF 37.)  The court therefore ordered Newton to file his First Amended Complaint.  (*Id*.)  But when Newton filed that First Amended Complaint, he attached a different pleading than the one the court had granted him leave to file, so the court struck that pleading and directed him to file the version of his First Amended Complaint that he had attached to his motion to amend.  (ECF 42.)  Newton then filed the proper version of his First Amended Complaint.  (ECF 43.)  In light of Newton filing his First Amended Complaint, the court denied defendants' motion for judgment on the pleadings as moot.  (ECF 41.)

On August 7, defendants filed another motion to dismiss—this time, directed to Newton's First Amended Complaint.  (ECF 50, 51.)  Newton's First Amended Complaint asserts claims against the City and two of its employees, Curtis Wheeler ("Wheeler") and Phil Burke ("Burke").

2

Newton's original complaint had named a third City employee, former Mayor Lisa Moody, but Newton's First Amended Complaint removed Moody from the caption, and the body of the amended complaint contained no allegations against her. The First Amended Complaint is 62 pages long (513 paragraphs), plus 9 exhibits totaling another 35 pages. (ECF 43.) Highly summarized, the First Amended Complaint alleges that Newton is the owner of several properties in the City, two of which are at 712 North 2nd Street ("Second Street Property") and 200 East Riley ("Riley Property"). Newton contends that defendants wrongfully deprived him of water at the Riley Property and illegally searched the Second Street Property, which caused him to have to pay for extensive repairs because of the alleged defects in the property discovered during the illegal search. He asserts claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, a RICO claim, and state law claims under the Kansas Tort Claims Act ("KTCA") and the Kansas Open Records Act ("KORA"), and for inverse condemnation.

On December 12, 2023, the district judge entered a 39-page memorandum and order granting in part and denying in part defendants' motion to dismiss. (ECF 57.) The court explained that Newton's "amended complaint can best be described as a continuation of Plaintiff's original complaint and further includes a statement in which Plaintiff 'incorporates by reference all the causes of action alleged in the Original Complaint'" and "almost all of the paragraphs of the original complaint." (*Id.* at 10.) Newton's amended complaint also added claims for blackmail; violation of 18 U.S.C. §§ 1951(a) and 1962; a *Monell* claim; defamation; and negligent hiring, retention, supervision, and training against the City. (*Id.*) The court found that "Plaintiff's amended complaint fails to comply with Rule 8 in that it is exceedingly lengthy, rambling, and incorporates his prior complaint without restating allegations or claims." (*Id.* at 13.) However, the court declined to grant defendants' motion to dismiss on those grounds, but instead proceeded

3

to sort out which aspects of Newton's claims survived the motion to dismiss versus those that did not. Via a thorough analysis sorting out the claims, the court ultimately dismissed his § 1983 claims based on a violation of his Fourth Amendment rights against Burke and the City and against Wheeler as to the Riley Property, his substantive due process claim, his equal protection claim, "any potential taking claim," his RICO claim and his claim under § 1962, and his state-law claims under the KTCA, the KORA, and for inverse condemnation. The only claims that remain are: (1) Newton's § 1983 claim based on a violation of his Fourth Amendment rights by Wheeler only and as to the Second Street Property only; and (2) his procedural due process claim. At one point, the court succinctly summarized the proper scope of this case:

> Ultimately, this is a due process case; that is to say, under the allegations presented here, Plaintiff claims that local building officials interfered with his property rights by denying him water service without giving him proper notice of why he was denied this public utility service and what he had to do to get it restored. A plaintiff does himself no service by trying to shoehorn his case into a host of other inapplicable legal theories rather than focusing on the one or two types of claims that best address the wrongs for which he seeks redress. This is not an equal protection or a RICO case. At its heart, it is a procedural due process case.

(*Id.* at 29-30.)

Given the court's resolution of defendants' motion to dismiss, the court lifted the stay on discovery and other case-management activities that had been in place since June of 2023. (*See* ECF 18, 56.) Discovery commenced, and the court held a scheduling conference on January 17, 2024, after which the court issued a scheduling order setting deadlines for expert disclosures, discovery, pretrial preparations, and dispositive motions. (ECF 75.)

On March 4, Newton filed his current motion to amend his complaint. (ECF 110.) Around this same time period, non-party Erin Becker filed a motion to quash the subpoena and deposition questions issued by Newton. (ECF 105.) Alternatively, Becker asks the court to "enter a protective

order limiting any questioning or examination topics only to those issues directly relevant to the above captioned matters." (ECF 105, at 2.)  The court turns first to Newton's motion to amend, and then turns to nonparty Becker's motion concerning the subpoena served on her.

## II.     MOTION TO AMEND COMPLAINT

The scheduling order set a deadline for motions to amend of March 4, 2024.  (ECF 75, at 2, 6.)  Newton filed his motion to amend shortly before the scheduling-order deadline at 11:52 p.m. on March 4.  (ECF 110.)  His motion contains only two sentences requesting "leave to file this Second Amended Complaint and to add the following Parties: Lisa Moody, Tina Fitzpatrick, Pat Weishaar; Clinton McNemee, Erin Becker, and John Doe" and "for such other and further relief as the Court seems just and proper." (*Id.*)  He attached his proposed Second Amended Complaint, which seeks to add allegations with respect to other properties that Newton owns in the City and explains that "[w]ith the exception of Ms. Becker, all the other known Defendants are current or former employees or Commissioners of the City of Atchison."  (ECF 110-1, at 4.)  Newton's proposed pleading seeks to assert constitutional claims for illegal searches, denial of due process, regulatory takings, equal protection, First Amendment retaliation, defamation, and civil conspiracy—all largely arising from the City's actions with respect to plaintiff's properties.  In addition, Becker is allegedly "a former student from Benedictine College, who sent [a] defamatory email to the Texas Board of Law Examiners (BLE)"; and John Doe is "an unidentified individual who conspired with the City to persuade Ms. Becker to send the aforementioned letter to the BLE." (*Id.*)  Newton seeks to assert claims for defamation and civil conspiracy based on his theory that "John Doe" encouraged or persuaded Becker to defame Newton to the Texas BLE, which resulted in his law license being delayed for 8 months and thus also losing a position with a law firm.  (*Id.* at 46-47.)

5

Defendants contend that Newton's motion to amend should be denied for several reasons. First, they contend that his proposed pleading fails to comply with Rule 8 insofar as it "is 52 pages and 143 paragraphs in length and incorporates without specific reference paragraphs from the First Amended Complaint." (ECF 123, at 3-4.) Second, Defendants argue that Newton's proposed new claims are futile because Newton is simply trying to resurrect claims that the court dismissed in its December 12 memorandum and order or because the claims are barred by the applicable statute of limitations. (*Id*. at 4-6.) Third, Defendants point to Newton's undue delay in seeking to add defendants, factual allegations, and claims that he has been aware of since before the filing of the complaint and amended complaint. (*Id*. at 7-8.) Fourth, Defendants contend they would be prejudiced by the amendment in terms of preparing a defense given that discovery concludes on June 5 and the amendment seeks to add new parties and claims that do not arise out of the original facts in the complaint or First Amended Complaint. (*Id*. at 8.)

### A.     Plaintiff's Proposed Pleading Violates Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Significantly, Rule 8(a) does not establish a floor but "a ceiling (the complaint must be no more than 'a short and plain statement')." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (citing *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). Only a "generalized statement of the facts" is "permissible." *Id*. While pro se pleadings are construed liberally, a pro se plaintiff must follow the Federal Rules of Civil Procedure, including Rule 8. *Windsor v. Colorado Dep't of Corr*., 9 F. App'x 967, 969 (10th Cir. 2001) (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995)). A complaint has two purposes: to provide

the opposing parties with fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). A complaint thwarts these purposes when it is unnecessarily long and includes "a morass of irrelevancies." *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017).

Here, Newton's proposed Second Amended Complaint is not only long, but it also incorporates by reference large swaths of his original and amended complaints without restating the allegations or claims. (*See* ECF 110-1 ¶¶ 65, 91; *see also id.* at 26 n.11; *id.* at 47 n.27; *id.* at 48 n.28.) This blunderbuss pleading style ignores the court's prior admonition that his pleading "fails to comply with Rule 8 in that it is exceedingly lengthy, rambling, and incorporates his prior Complaint without restating allegations or claims." (ECF 57, at 13.) Moreover, Newton acknowledges that his proposed Second Amended Complaint attempts to rehabilitate claims that the court dismissed, which is not permissible.

Likewise, his claims against Becker and John Doe cannot be joined in this action because the Federal Rules only allow joinder of claims against defendants where a "right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and common questions or law or fact will arise in the action. FED. R. CIV. P. 20(a)(2). Here, Newton describes Becker as "a former student from Benedictine College, who sent the November 30, 2022, defamatory email to the Texas Board of Law Examiners (BLE)." (ECF 110-1 ¶ 9(e).) Becker's alleged email to the Texas BLE about Newton is irrelevant to the claims in the case concerning Newton's properties in the City. Likewise, Newton has not set forth any valid reason why the complaint should include "John Doe" as a defendant, who Newton contends "conspired with the City to persuade Ms. Becker to send the aforementioned letter to the

BLE." (ECF 110-1 ¶ 9(f).)  Newton's claims against them arise from alleged actions with respect to the Texas BLE that resulted in the delay of his law license, not his real estate properties in Atchison.  His attempt to somehow tie Becker to the case based on his conclusory allegation is purely speculative and does not amount to a factual allegation that plausibly ties Becker to the City's actions with respect to his properties via some unnamed "John Doe."

In short, Newton's proposed pleading is so lengthy and voluminous that it would be difficult to separate out the permissible new allegations from those that are not, including the ones previously dismissed that Newton cannot reassert and the allegations and claims that cannot properly be joined in the case.  Accordingly, the court denies Newton's motion to amend because his proposed pleading violates Rule 8's notice-pleading standards.

### B. Defendants Have Shown Undue Delay and Prejudice.

Once a party has filed a responsive pleading, the opposing party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires.  FED. R. CIV. P. 15(a)(2).  The purpose of this rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotations omitted).  The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted.  *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon,*

*Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of the remaining *Foman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Although delay alone is not enough to deny a motion to amend, at some point delay becomes undue when it places an unwarranted burden on the court or when it becomes prejudicial by placing an unfair burden on the opposing party. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). Denial of leave to amend is appropriate when the movant lacks an adequate explanation for the delay. *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). Undue prejudice is the most important factor in determining whether to allow an amendment to the pleadings. *See Minter*, 451 F.3d at 1207. A party may be unduly prejudiced when an amendment unfairly affects a party preparing its defense—for example, when the amendments "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* "While any amendment invariably causes some practical prejudice, undue prejudice means that the amendment would work an injustice to the defendants." *Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (recognizing a plaintiff typically will not be precluded from amending "simply because that amendment may increase defendant's potential liability").

Here, Newton unduly delayed in moving to amend such that Defendants would be unduly prejudiced by the belated amendment. Newton does not adequately explain why he did not plead these matters and add these defendants earlier. He claims he could not have moved to amend

earlier because discovery was stayed pending the court's ruling on Defendants' dispositive motions. But Newton was aware or should have been aware of the new defendants he now seeks to add at the time he filed his complaint and amended complaint. As is evident from Newton's filings in this case, he has been aware of the four City employees he seeks to add (former Mayor Moody, City Clerk Fitzpatrick, Fire Chief Weishaar, and Public Works Director McNemee) and their involvement in the allegedly unlawful acts set forth in the Second Amended Complaint. (ECF 110-1 ¶ 9(a)-(d).) He even named Moody as a defendant in his original complaint before removing her in the First Amended Complaint. He also named Fitzpatrick in his First Amended Complaint as someone to whom he sent an email that gave rise to his KTCA claim. (ECF 43 ¶ 220.) And Newton cannot dispute that he has long known the facts supporting his allegations concerning the additional properties he now seeks to add to his pleading. Although he claims he was not aware of Becker's alleged involvement until October 2023, his allegations regarding Becker have nothing to do with the claims in his proposed pleading; his motive for trying to add Becker to the case appears to be purely vindictive.

Further, defendants would be unduly prejudiced by the amendment. The parties and the court already spent months sorting out the proper scope of this case. The parties embarked on and have engaged in discovery based on the court's ruling in December 2023 setting out the proper scope of the case. Discovery is set to conclude in approximately two months, on June 5. Allowing Newton to amend his complaint to add all of these new allegations and defendants would derail the case schedule. The new defendants would have to be served with summons, and each would need to answer or otherwise respond to the new complaint, which would inevitably lead to yet more motion practice on the pleadings to once again trim down the case to its proper scope. Moreover, because the amendment seeks to add new parties and claims that do not arise out of the

original facts in the complaint or First Amended Complaint, each defendant (new and old) will want to conduct discovery concerning the new allegations in the Second Amended Complaint. At this point, allowing a late amendment that Newton could have and should have included in his prior complaints would do nothing to further the "just, speedy, and inexpensive determination" of this action. *See* FED. R. CIV. P. 1.

Accordingly, the court also denies Newton's motion because he unduly delayed in seeking leave to amend, and Defendants would be unduly prejudiced by the amendment.[1]

### III. MOTION TO QUASH SUBPOENA

On February 27, 2024, non-party Becker filed a motion seeking to quash the subpoena and deposition questions Newton served on her. (ECF 92, 105.) Alternatively, Becker asks the court to "enter a protective order limiting any questioning or examination topics only to those issues directly relevant to the above captioned matters." (ECF 105, at 2.)

Newton's subpoena requested that Becker answer 168 written deposition questions under oath and provide documents responsive to four document requests. (ECF 97-1.) The questions and document requests do not relate to the claims and allegations in this lawsuit. They relate to the harassment complaint Becker filed against Newton in 2013 while she was a student and Newton was a professor at Benedictine College and his subsequent termination from employment by the college. (*Id.*) Becker objects to the subpoena and asks that it be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3) "because the information requested subjects Becker to harassment, embarrassment, and undue burden" and "because the questions posed are irrelevant to the allegations set forth in Plaintiff's Complaint and are only intended to embarrass, harass and

---

[1] The court need not decide defendants' futility arguments because it is denying Newton's motion for other reasons.

11

annoy Becker." (ECF 105, at 2.) Newton responds that his intent in serving his subpoena on Becker is "not to harass or embarrass her" but simply to discover whether her actions in emailing the Texas BLE, which cost him a legal position and delayed his law license for eight months, "were entirely coincidental, or if she was, as Plaintiff suspects, acting as an agent of someone or other connected to the instant lawsuit." (ECF 106, at 3-4.) Becker has attested that she has never spoken to the City about Newton's properties or about Newton and, prior to receiving Newton's subpoena, was unaware that this lawsuit had been filed. (ECF 108-1.)

A party may issue a subpoena to a non-party under Federal Rule of Civil Procedure 45. The court must quash or modify a subpoena under certain circumstances, such as where it subjects the subpoenaed person to an undue burden. FED. R. CIV. P. 45(d)(3)(A). Although Rule 45 does not specifically provide for a relevance objection, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003) (citing Rule 45(d)(1) advisory committee notes to the 1970 amendment); *see also Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981*)*; *Carter v. Spirit AeroSystems, Inc.*, No. 16-1350-EFM, 2018 WL 6249991, at *1 (D. Kan. Nov. 29, 2018). To that end, Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment to Rule 26); *Lonquist Field Serv., LLC v. Sorby*, No. 21-1035-KHV, 2021 WL 4967041, at *9 (D. Kan. Oct. 26, 2021) (same).

Newton asserts that the subpoena is his "attempt to gain relevant discoverable information." (ECF 106, at 4.) Even construing relevance broadly, the court finds Newton has not supported this argument. Newton has not shown that Becker's action in emailing the Texas BLE the day after this lawsuit was filed has any relevance whatsoever to the claims asserted in this lawsuit, nor does Newton plausibly allege any connection between Becker and the allegations in his pleadings. Becker submitted an affidavit attesting that she is an attorney licensed to practice in North Carolina; she does not have any ownership interest in Newton's properties; she has never spoken to the City about the properties or about Newton; and, prior to receiving the subpoena and deposition on written questions, she was unaware that this lawsuit had been filed. (ECF 108-1.) Although the relevance standard is construed broadly, Newton stretches it too far. The court will not condone Newton's attempt to use discovery in this lawsuit to pursue a personal vendetta that is in no way connected to his current feud with the City.[2]

In sum, Newton has not explained how the subpoena and deposition questions he served on Becker could bear on, or lead to other information that could bear on, the claims and allegations asserted in this case. Accordingly, the court finds the information sought in Newton's subpoena and deposition questions is not relevant and that the subpoena subjects Becker to undue burden in violation of Rule 45(d)(3). For this reason, Newton's motion to quash is granted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion Seeking Leave to Amend Complaint and to Add Parties (ECF 110) is denied.

---

[2] Newton filed a surreply (ECF 109), which is not allowed as a matter of right. Under D. Kan. Rule 15.1, when a party may not file a document as a matter of right, the party must file a motion for leave to file and attach the proposed document to the motion. The party may file the proposed document only if the court grants the motion. Newton filed no such motion and the court did not grant him permission to file the surreply. The court therefore orders the clerk to strike this document (ECF 109) from the record.

**IT IS FURTHER ORDERED** that non-party Erin Becker's Motion to Quash Subpoenas or in the Alternative Motion for Protective Order (ECF 105) is granted.

**IT IS FURTHER ORDERED** that the clerk is directed to strike plaintiff's unauthorized surreply (ECF 109) from the record.

**IT IS SO ORDERED.**

Dated March 29, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge