IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD A. NEWTON,

        Plaintiff,

v.                                                     Case No. 23-2153-JWB

CITY OF ATCHISON, KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection to Magistrate Judge Mitchell's order. (Doc. 133.) The objection is fully briefed and ripe for decision. (Docs. 134, 137, 138, 140.) Plaintiff's objection is OVERRULED for the reasons stated herein.

**I.  Facts and Procedural History**

Highly summarized, Plaintiff[1] is the owner of several properties in the City of Atchison, Kansas ("the City"), two of which are at 712 North 2nd Street ("Second Street Property") and 200 East Riley ("Riley Property"). Newton contends that defendants, the City and City officials, wrongfully deprived him of water at the Riley Property and illegally searched the Second Street Property, which resulted in his having to pay for extensive repairs because of the alleged defects in the property discovered during the illegal search.

Plaintiff's initial 44-page complaint set forth numerous causes of action including the following: 1) Fourth Amendment violation for illegal searches of the properties brought pursuant

---

[1] Plaintiff is proceeding pro se. However, because Plaintiff is an attorney he is not entitled to the benefit of the rule requiring the court to liberally construe filings of pro se litigants. *Caranchini v. Hayden*, 2019 WL 2567734, *2 (D. Kan. June 21, 2019) ("The pro se liberality rule . . . does not extend to pro se plaintiffs who are licensed attorneys.") (citing *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (finding that even disbarred attorneys are not entitled to the pro se liberality rule)).

1

to 42 U.S.C. § 1983; 2) Fourteenth Amendment Due Process violation for failing to turn on the water at the Riley Property; 3) Fourteenth Amendment Equal Protection claim; 4) tortious interference with contract; 5) tortious interference with prospective contract; 6) inverse condemnation; 7) conversion; 8) conspiracy to convert property; 9) trespass; 10) abuse of process; 11) Kansas Open Records Act violation; 12) intentional infliction of emotional distress; 13–15) violations of local municipal codes.  Defendants filed an answer and then moved for judgment on the pleadings.  (Docs. 13, 16.)

On June 26, 2023, Plaintiff moved to file an amended complaint.  (Doc. 28.)  Defendants opposed the amendment on the basis that it was subject to dismissal, untimely, and unduly prejudicial.  (Doc. 32.)  As noted in this court's prior order, Defendants did not challenge the proposed amended complaint on the basis that it failed to comply with Federal Rule of Civil Procedure 8.  The motion to amend was granted.  (Doc. 37 at 1.)  Plaintiff, however, filed a different amended complaint in the record.  The court struck that pleading and directed Plaintiff to file the correct pleading.  (Doc. 42.)  Plaintiff did so.  (Doc. 43.)  After the filing of the approved amended complaint, the undersigned denied the motion for judgment on the pleadings as moot.

In describing the amended complaint, the undersigned noted that it was essentially a continuation of Plaintiff's original complaint in that it incorporated all the original causes of action by reference and incorporated almost all of the original factual allegations.  (Doc. 43 ¶¶ 216, 285, 307, 363, 412, 461, 470.)  Plaintiff then added several causes of action: 1) blackmail; 2) violation of 18 U.S.C. §§ 1951(a) and 1962; 3) a *Monell* claim; 4) defamation; 5) and negligent hiring, retention, supervision, and training against the City.

Defendants moved to dismiss Plaintiff's amended complaint on the basis that the pleading failed to comply with Federal Rule of Civil Procedure 8, failed to state a claim, and the individual

2

Defendants were entitled to qualified immunity. The court granted the motion in part. In doing so, the court held that the state-law takings claim was not yet ripe, the court lacked jurisdiction over the KORA claim, and Plaintiff failed to provide notice to the City of the remaining state law tort claims which resulted in a dismissal without prejudice of those claims. (Doc. 57 at 33–36.) The court declined to dismiss the amended complaint with prejudice for violating Rule 8 because Defendants had not raised that issue before the magistrate judge. However, the court found that the amended complaint failed to comply with Rule 8 in "that it [was] exceedingly lengthy, rambling, and incorporates his prior complaint without restating allegations or claims." (*Id.* at 13.) The court further admonished Plaintiff that it would "not accept any pleadings which attempt to incorporate allegations and claims without restating the same in an amended complaint." (*Id.* at 14.) Ultimately, the court denied dismissal of Plaintiff's procedural due process claim and his § 1983 Fourth Amendment claim against Wheeler only and as to the Second Street Property only. All other federal claims were dismissed on the merits.

  The parties then proceeded to discovery. The scheduling order set forth a deadline of March 4, 2024, to file a motion to amend and discovery is to close on June 5, 2024. (Doc. 75.) At 11:52 p.m. on March 4, Plaintiff filed a motion to amend. (Doc. 110.) Notably, Plaintiff's motion contains only two sentences requesting "leave to file this Second Amended Complaint and to add the following Parties: Lisa Moody, Tina Fitzpatrick, Pat Weishaar, Clinton McNemee, Erin Becker, and John Doe" and "for such other and further relief as the Court deems just and proper." (*Id.*) Plaintiff's proposed second amended complaint ("SAC") seeks to add allegations with respect to other properties that Plaintiff owns in the City. (Doc. 110-1 at 4.) The SAC seeks to assert constitutional claims for illegal searches at several properties, denial of due process for several properties, regulatory takings for several properties, equal protection violation, First Amendment retaliation, defamation, and civil conspiracy. Becker is allegedly "a former student from Benedictine College, who sent [a] defamatory

3

email to the Texas Board of Law Examiners (BLE)"; and John Doe is "an unidentified individual who conspired with the City to persuade Ms. Becker to send the aforementioned letter to the BLE." (*Id.*) Plaintiff's proposed defamation and civil conspiracy claims are based on his theory that "John Doe" encouraged or persuaded Becker to defame Newton to the Texas BLE on the day after he notified the City of his intent to bring this suit. (*Id.* at 36.) As a result of Becker and Doe's actions, Plaintiff's law license was delayed for 8 months and he lost a position with a law firm. (*Id.* at 46–47.)

## II.     Standard

When a dispositive matter is ruled upon by a magistrate judge, the court is to conduct a de novo review. Fed. R. Civ. P. 72(b)(3). When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011)).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v.*

4

*Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

Based on the foregoing, the court will review Plaintiff's objections under the clearly erroneous or contrary to law standard.

**III.   Analysis**

   **A.   Motion to Amend**

At the outset, the court notes that the proposed second amended complaint attached to the objection is not the same document that was presented to the magistrate. (*Compare* Doc. 133-1 with Doc. 110-1.) Plaintiff's objection does not explain why the documents are different nor does he clarify exactly what he is attempting to accomplish with his objection. Specifically, does Plaintiff want this court to overrule the magistrate's order and allow the filing of the SAC (Doc. 110-1) or grant the motion to amend and allow the filing of the now amended SAC (Doc. 133-1)? While Plaintiff asks this court to overrule Magistrate Judge Mitchell's order denying his motion to amend, Plaintiff also states in his introductory paragraph that he is moving to amend pursuant to Rule 15(a). (Doc. 133 at 1.) In his conclusion, Plaintiff asks the court to grant his motion to amend and allow the pleading he attached to the objection to be filed. (*Id.* at 15.) Plaintiff's requested relief does not include filing the proposed SAC that was presented to the magistrate judge and subsequently ruled on. In their response, Defendants make no mention of this procedural conundrum. However, in reviewing an objection to a decision by the magistrate judge, the court is to review what was before the magistrate judge. Any issues or arguments not presented to the magistrate judge are waived. *Marshall*, 75 F.3d at 1426. Therefore, to the extent Plaintiff's objection and arguments therein are based on Document 133-1, the objection is overruled because

Plaintiff did not move before the magistrate judge for leave to file that version of the second amended complaint.

Further, to the extent Plaintiff is moving to amend a second time, Plaintiff's motion is denied as Plaintiff has failed to establish good cause to amend the scheduling order as required under Federal Rule of Civil Procedure 16. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The deadline to move to amend passed on March 4. Plaintiff filed his objection on April 11 which is more than one month after the deadline. Plaintiff makes no effort to demonstrate good cause for modification of the deadline in the scheduling order. Further, it is clear that the renewed motion to amend is essentially an attempt at a do-over after Magistrate Judge Mitchell denied his prior motion to amend. There is no indication in his filing that in the month between the filing of his initial motion to amend and this renewed motion that Plaintiff learned any new facts. Therefore, Plaintiff's renewed motion to amend is denied for failing to demonstrate good cause to modify the scheduling order.

The court will now turn to Plaintiff's objections on Magistrate Judge Mitchell's order denying the motion to amend. First, Magistrate Judge Mitchell ruled that Plaintiff's proposed SAC failed to comply with Rule 8(a) in that it is "so lengthy and voluminous that it would be difficult to separate out the permissible new allegations from those that are not, including the ones previously dismissed that Newton cannot reassert and the allegations and claims that cannot properly be joined in the case." (Doc. 126 at 8.) Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to

relief." "Each allegation must be simple, concise, and direct." Rule 8(d)(1). Significantly, Rule 8(a) does not establish a floor but "a ceiling (the complaint must be *no more than* 'a short and plain statement')." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007). Only a "generalized statement of the facts" is "permissible." *Id.* (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). Failure to comply with these pleading requirements can result in dismissal. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989). These purposes are thwarted when a complaint is unnecessarily long and includes a "a morass of irrelevancies." *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017). In ruling on the motion to dismiss, the court instructed Plaintiff that he could not file an amended pleading that incorporated prior allegations and claims without setting forth those allegations in the proposed amended complaint. Plaintiff failed to abide by that order and submitted a proposed SAC that again incorporated large sections of allegations from his amended complaint. The SAC is 52 pages long. Plaintiff also incorporated a substantial number of paragraphs from the original and amended complaint. (Doc. 110-1 at ¶ 54 ("Plaintiff herein adopts and incorporates all of the factual elements from the Original Complaint (ECF 1, nn. 44-65) and the First Amended Complaint (ECF 43, nn. 69-119) regarding 712 N. 2nd St"), ¶ 65 ("Plaintiff herein adopts and incorporates all of the factual elements from the Original Complaint (ECF 1, nn. 66-181) and the

First Amended Complaint (ECF 43, nn. 120-173) regarding 200 E. Riley."), p. 26 n.11 (incorporating "ECF No. 1, nn. 279-356"), ¶ 91 ("Plaintiff adopts and incorporates the factual background, legal theories, and theories of the case, insofar as they are either fully or only inchoately developed, from his First Amended Complaint, viz., ECF 43, nn. 223-469"), p. 47 n.27 ("See ECF 43, nn. 237-288, which Plaintiff incorporates as if fully set forth herein."), p. 48 n.28 ("See ECF 43, nn. 312-401, which Plaintiff incorporates fully herein.").  Notably, the paragraphs that Plaintiff has incorporated by reference from the amended complaint into his SAC include allegations that incorporate other allegations and/or documents by reference.  (*See* Doc. 48 ¶¶ 119, 120, 285, 363, 412, 461.)  These incorporated allegations expand Plaintiff's SAC to several hundred paragraphs of allegations and violate the court's prior order.

Plaintiff's "extended discussion of his claims cloud, rather than illuminate, whatever facts and law may support his right to recovery." *Frazier*, 2007 WL 10765, at *2.  Plaintiff's claims are essentially a long, convoluted and rambling narrative rather than a short and plain statement.  It is not the job of the court or Defendants to "search through the Complaint and its [allegations and documents incorporated by reference] to glean a clear and succinct statement of each claim for relief."  *Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 968 (10th Cir. 2001) (quoting magistrate judge's order); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("It was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [the plaintiff] filed.").

Plaintiff's amended complaint fails to sufficiently and succinctly identify his claims and facts alleged against each Defendant.  Rather, it is a long-winded recitation of facts, conclusory allegations, and various legal quotations.  The court finds Plaintiff's SAC fails to comply with the "short and plain statement" requirements of Rule 8.  Moreover, as noted by Magistrate Judge

Mitchell, Plaintiff's proposed claims against John Doe and Becker violate Rule 20 in that he is attempting to join claims against these individuals for actions that do not arise out of the same occurrences at issue in the case. Plaintiff alleges that Becker is a former student and allegedly defamed him by sending a defamatory email to the BLE. That email is irrelevant to the claims regarding Plaintiff's properties. Plaintiff's attempt to tie in Becker and John Doe to the case based on conclusory allegations regarding some conspiracy is purely speculative. Therefore, these claims are not properly joined here. The court finds that the proposed SAC violates Rule 8 and, therefore, the motion to amend was properly denied on that basis.

Moreover, the court agrees with Magistrate Judge Mitchell that Plaintiff's proposed SAC improperly attempts to revive claims that this court dismissed on the merits. Plaintiff argues that the ruling is not supported by authority. However, a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "operates as a final adjudication on the merits." *Aldridge v. Aleritas Cap. Corp.*, No. 09-2178-CM-KGS, 2009 WL 10689361, at *4 (D. Kan. Oct. 1, 2009) (citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981)).

Nevertheless, the court further finds that Plaintiff's proposed SAC was unduly delayed. Under Rule 15, the court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). In the Tenth Circuit, undue delay may be found "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993). The Court may also deny leave to amend if the moving party "knows or should have known of the facts upon which the proposed amendment is based but fails

9

to include them in the original complaint." *Id.*; *see also Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1230 (D. Kan. 2002); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Here, Defendants objected to the proposed SAC on the basis that Plaintiff had knowledge of the facts in the SAC concerning all of Plaintiff's properties and the involvement of the additional City parties but failed to include them in the original or amended complaint. (Doc. 123 at 7–8.) In reply, Plaintiff asserts that he did not know of Becker's identity until October 2023 and that he did not know about certain city officials' involvement with respect to the Riley property. Plaintiff states that he thought Fire Chief Weishaar and Public Works Director McNemee had inspected his property, but later learned that they did not contrary to what was published in Resolution 3333. He further argued that while he knew of Tina Fitzpatrick and Lisa Moody previously, Plaintiff included them now because of the misstatement in Resolution 3333 which allegedly provides a basis for his defamation claim. Plaintiff failed to address undue delay with respect to the new claims regarding several of his properties. Notably, some of the events allegedly occurred in 2020 and 2021. Magistrate Judge Mitchell held that there was undue delay in that Plaintiff had knowledge of the facts regarding the new claims and had knowledge of the identity of the new Defendants (with the exception of Becker) at the time of filing.

In his objection, Plaintiff contends that the magistrate judge's ruling that Plaintiff did "not adequately explain why he did not plead these matters and add these defendants earlier" was "not correct." (Doc. 133 at 12.) Plaintiff then states that his SAC is "clearer and more concise" and Defendants have been on notice of his claims because the facts were already set out in the previous two complaints. (*Id.*) "Finally, the facts surrounding the defamation and equal protection claims only came to light during discovery." (*Id.*) Plaintiff's objection does not clearly articulate how the prior order was erroneous. Plaintiff is attempting to add several parties and claims. Plaintiff's

motion and reply did not sufficiently address the issue as to delay pertaining to these new claims and the court declines to consider any argument in his objection that was not raised in the briefing before the magistrate judge. *Marshall*, 75 F.3d at 1426.

With respect to the additional city officials, Plaintiff either had knowledge of their involvement or should have been aware of their involvement with respect to the Riley property. Further, Plaintiff had previously included Moody in his initial complaint and also had allegations regarding Fitzpatrick in his amended complaint. Plaintiff contends his delay in seeking amendment is not undue because he recently discovered that Weishaar and McNemee did not inspect his property. Plaintiff contends that this newly discovered information supports his defamation claim. However, the court has already dismissed his defamation claim on the basis that he failed to comply with the state law notice requirement. Therefore, the defamation claim is subject to dismissal for lack of subject matter jurisdiction. Although Plaintiff may not have known of Becker's identity, the claims against her are not properly joined in this action as discussed herein.

With respect to the majority of the new claims and allegations, some of which involve conduct in 2020 and 2021, Plaintiff should have included the allegations and claims in earlier filings. In his reply brief, Plaintiff acknowledges that he knew of these facts at the time of filing the original complaint but asserts that he did not understand "the relationship between policies and the underlying ordinances and codes" with respect to his allegations concerning the "604 and Q properties." (Doc. 140 at 3.) Plaintiff further states that it took "an inordinate amount of time to fully grasp" this relationship and, therefore, this delay should be excused. (*Id.* at 4.) Plaintiff offers no authority to support that this would excuse such a delay. Rather, Plaintiff's knowledge of facts is the key to whether there was undue delay. *Minter*, 451 F.3d at 1206. Therefore, Plaintiff

11

clearly had knowledge of facts surrounding two of the new properties in the SAC at the time of the filing of his original complaint in addition to his knowledge regarding the officials and thus denial of the amendment was appropriate. Although Plaintiff alleges that some of the actions were taken in Fall 2023 as to two different properties, Plaintiff should have acted sooner in moving to amend and, further, these allegations are lumped together with claims regarding the other properties such that it is difficult to discern what claims and allegations could be extracted and properly filed.[2]

Further, in addition to undue delay, the court finds that granting the amendment would unduly prejudice Defendants. This court entered its order dismissing most of Plaintiff's claims in December 2023. The parties proceeded to discovery on Plaintiff's procedural due process claim and his § 1983 Fourth Amendment claim against Wheeler only after having spent months sorting out the scope of the claims. The parties continued in discovery on the limited claims and parties. Discovery is set to conclude shortly and Plaintiff seeks to add several parties and several claims which would result in the case essentially starting over.

Plaintiff's objection to Magistrate Judge Mitchell's order denying his motion to amend is overruled. The court finds that the proposed SAC is subject to dismissal as it violates Rule 8 and this court's prior order. Further, the court finds that the motion to amend was unduly delayed and granting the motion would result in undue prejudice to Defendants.

### B. Motion to Quash

Plaintiff also objects to the order granting the motion to quash Becker's subpoena. A party may issue a subpoena to a non-party under Federal Rule of Civil Procedure 45. The court must quash or modify a subpoena under certain circumstances, such as where it subjects the subpoenaed

---

[2] Given the alleged recent actions regarding these new properties, Plaintiff is not prejudiced in the denial of the amendment as he could file a new action as to his claims involving these properties.

person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A). Although Rule 45 does not specifically provide for a relevance objection, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003).

Becker is a third party who allegedly complained to the Texas BLE regarding Plaintiff's conduct while Becker was a student in college several years ago. Although Plaintiff believes that Becker's letter is somehow related to the City's actions in this case, Plaintiff's beliefs are speculative and the allegations regarding the same conclusory. Plaintiff served Becker with a subpoena and corresponding deposition questions. (Doc. 97-1.) The subpoena requested that Becker answer 168 written deposition questions under oath and provide documents responsive to four document requests. Those questions almost exclusively relate to the harassment complaint Becker filed against Newton in 2013 while she was a student and Plaintiff was a professor at Benedictine College. For example, Plaintiff intends to depose Becker and ask questions such as, "Who told you that Dr. Newton had been to multiple parties?," "You allege that he was distributing alcohol to freshman girls. Were you one of the girls at these parties?," and "You mentioned that Dr. Newton apologized to you. Did you forgive him when he apologized?" (*Id.*) Out of the 168 questions, only a handful ask Becker if she knew any of the city officials and had been in contact with them. The document requests ask for Becker's curriculum vitae, copies of emails or other messages that reference Plaintiff or his termination from Benedictine College, correspondence from Defendants' attorneys, and any notes she took in connection to the deposition. (*Id.* at 12.) Magistrate Judge Mitchell granted the motion to quash after finding that the proposed questions and document requests were not relevant to the claims in this case and it subjects Becker to an undue burden in violation of Rule 45(d)(3).

Plaintiff objects to this ruling. In his objection, Plaintiff argues that Becker's attorney failed to make a reasonable effort to confer prior to filing the motion to quash. (Doc. 133 at 13.) Plaintiff's response to the motion to quash, however, does not ask the court to deny the motion on the basis that Becker's attorney failed to make a reasonable effort to confer.[3] (Doc. 106.) It further shows that Becker's attorney made two attempts to call Plaintiff in order to discuss the subpoena prior to filing the motion to quash. Plaintiff's response then appears to indicate that they spoke on the phone after the motion was filed. (*Id.* at 3.) Because Plaintiff did not object to the motion based on a failure to comply with this court's rules, the court declines to consider the argument as it has been waived. Moreover, the court finds that Becker's attorney's attempts at contacting Plaintiff were a reasonable effort to meet and confer in this case.

Plaintiff also argues that Becker's attestations regarding his claims "are designed to conceal her involvement." (Doc. 133 at 13) (citing 108-1.) Plaintiff's baseless assertion is not supported by any evidence in the record. Further, Plaintiff's own response filed before the magistrate judge explicitly stated that he does not know and is "simply trying to discover" whether her letter to the Texas BLE was "entirely coincidental" to the ongoing dispute with the City or if it was related. (Doc. 106 at 4.) The Rules of Evidence do not permit a party to go on a fishing expedition with third parties and require them to respond to deposition requests absent relevant requests for discovery that are related to the case. As Magistrate Judge Mitchell espoused, it appears that Plaintiff is using discovery in this suit "to pursue a personal vendetta that is in no way connected to his current feud with the City." (Doc. 126 at 13.)

After review, the court finds no error in Magistrate Judge Mitchell's order granting Becker's motion to quash.

---

[3] Plaintiff did ask for a delay in ruling until Becker's attorney and Plaintiff could meet in person to confer. (Doc. 106 at 4.)

14

**IV.     Conclusion**

       Plaintiff's objection (Doc. 133) to Magistrate Judge Mitchell's order is OVERRULED.

IT IS SO ORDERED.  Dated this 20th day of May 2024.

                                                                                     s/ John W. Broomes  
                                                                                     JOHN W. BROOMES  
                                                                                     UNITED STATES DISTRICT JUDGE